IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| TAMMIE L. LITTLE,  §<br>    ID # 55443-177,  §<br>        Petitioner,  §<br>  §<br>v.  §<br>  §<br>DALLAS RRM,  §<br>        Respondent.  § | No. 3:23-CV-1501-M (BT) |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Tammie L. Little, a former federal inmate, filed a *pro se* Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 (doc. 3). The District Court referred the petition to the United States magistrate judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference. For the following reasons, the Court should DISMISS the petition as moot.

**Background**

A jury in this District found Little guilty of conspiracy to commit health care fraud and three counts of health care fraud. *See United States v. Little*, No. 3:17-CR-103-M(12) (N.D. Tex. May 24, 2021) (docs. 652, 1085). The Court sentenced her to a 33-month term of imprisonment and two years of supervised release. *See id.*, doc. 1295. The Fifth Circuit affirmed the judgment on appeal. *See United States v. Little*, No. 21-11225, 2023 WL 7294199 (5th Cir. Nov. 3, 2023).

On July 6, 2023, Little filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, naming Dallas RRM, her custodian at the time of filing, as the

Respondent. (*See* doc. 3 at 1.) Little asserted a single ground for relief: "The BOP refuses to calculate my FSA credits according to the law passed by Congress in the First Step Act." (*Id.* at 6.) She sought release from Bureau of Prisons (BOP) custody to supervised release. (*See id.* at 8.) Respondent filed a response on July 27, 2023. (*See* doc. 6.) Little did not file a reply. On September 15, 2023, the BOP released Little from custody to begin serving her term of supervised release. *See* BOP Inmate Locator, *available at* https://www.bop.gov/inmateloc/ (last visited Dec. 20, 2023).

## Legal Standards and Analysis

"Article III of the Constitution limits federal 'Judicial Power,' that is, federal-court jurisdiction, to 'Cases' and 'Controversies.'" *United States Parole Comm'n v. Geraghty*, 445 U.S. 388, 395 (1980). A case or controversy becomes moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Id.* at 396 (quoting *Powell v. McCormack*, 395 U.S. 486, 496 (1969)).

> This case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate. . . . The parties must continue to have a "personal stake in the outcome" of the lawsuit. This means that, throughout the litigation, the plaintiff "must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision."

*Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (internal quotation marks and citations omitted). It "is well-settled, that mootness is a threshold jurisdictional inquiry." *Ermuraki v. Renaud*, 987 F.3d 384, 386 (5th Cir. 2021) (citation and internal

quotation marks omitted). If a controversy becomes moot, the court should dismiss the case for lack of subject matter jurisdiction. *See Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477-78 (1990).

Here, Little did not challenge her confinement. Rather, she challenged the calculation of her sentence credits under the First Step Act, and the only relief she requested was release from BOP custody to supervised release earlier than her projected date of release. (*See* doc. 3 at 6-8.) As she now has been released from BOP custody to supervised release, it appears Little has received all the relief she sought.[1] Her subsequent release from BOP custody therefore renders her § 2241 petition moot. Accordingly, the Court should dismiss the petition as moot.

## Recommendation

The Court should DISMISS as moot Little's *pro se* Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 (doc. 3).

Signed January 10, 2024.

REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

---

[1] Because Little sought only release from BOP custody to supervised release, the Court does not address any other basis for relief not pleaded in the petition that might save it from mootness. *See Herndon v. Upton*, 985 F.3d 443, 448-49 (5th Cir. 2021) (Oldham, J., concurring) (stating that "mootness is a function of a party's requested relief—not the theoretical possibility that a party *could* request or receive something[,]" and urging overruling of *Johnson v. Pettiford*, 442 F.3d 917 (5th Cir. 2006) (per curiam)) (citing *N.Y. State Rifle & Pistol Ass'n v. City of New York*, 140 S. Ct. 1525, 1526 (2020) (per curiam)). Further, as argued in the Respondent's unrebutted response to the petition, Little's claim appears to be unexhausted and meritless. Section 2241 relief is therefore not warranted on these additional bases.

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).